UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRUCE B. BROWN

    Plaintiff,

and

GREAT WEST CASUALTY CO.,

    Involuntary Plaintiff,

vs.

CARGILL, INC., CARGILL, INC. d/b/a
NUTRENA MILLS, INC., ABC
INSURANCE COMPANY, XYZ
CORPORATION, and DEF INSURANCE
COMPANY,

    Defendants.

Case No. 17-CV-268

## JOINT STIPULATION

IT IS HEREBY STIPULATED by and between Plaintiff Bruce Brown ("Plaintiff"), Great West Casualty Company ("Involuntary Plaintiff"), and Defendants, Cargill, Incorporated, and Cargill, Incorporated d/b/a Nutrena Mills, Inc. ("Defendants," and with Plaintiff and Involuntary Plaintiff sometimes hereinafter referred to collectively as the "parties"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g)

other information that is generally unknown to the public or not readily obtainable from outside sources. Information or documents that are available to the public may not be designated as Confidential.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a producing party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those Particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Confidential—Attorneys' Eyes Only," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendant, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for

the preparation and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employee shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects, or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court

reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information, or transcripts shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries, or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.

4

MIL-28744456-1

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. The party who designated the document or information as "Confidential" or "Confidential—Attorneys' Eyes Only" bears the burden of showing that the information should be treated in accordance with the classification it was given. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

15. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated this 21st day of August, 2017.

AGREED BY:

Plaintiff, Bruce Brown

By: _s/ Anthony J. Skemp_
Anthony J. Skemp
**Martin Law Office, S.C.**
7280 S. 13th St., Ste. 102
Oak Creek, WI 53154
Phone: (414) 856-2310 (main)
Email: tony@martin-law-office.com

*Counsel for Plaintiff*

Defendants, Cargill, Incorporated, and Cargill, Incorporated d/b/a Nutrena Mills, Inc.:

By: s/ David B. Carr
David B. Carr
**HUSCH BLACKWELL**
555 East Wells Street Suite 1900
Milwaukee, Wisconsin 53202-3819
Phone: (414) 978-5483
Email: david.carr@huschblackwell.com

*Counsel for Defendants*

Involuntary Plaintiff, Great West Casualty Co.

By: s/ Eric J. Goelz
Eric J. Goelz
**Matthiesen, Wickert & Lehrer, S.C.**
1111 E. Sumner Street
P.O. Box 270670
Hartford, WI 53027
Phone: 262-673-7850
Email: egoelz@mwl-law.com

*Counsel for Involuntary Plaintiff*

UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRUCE B. BROWN

    Plaintiff,

and

GREAT WEST CASUALTY CO.,

    Involuntary Plaintiff,

vs.

CARGILL, INC., CARGILL, INC. d/b/a
NUTRENA MILLS, INC., ABC
INSURANCE COMPANY, XYZ
CORPORATION, and DEF INSURANCE
COMPANY,

    Defendants.

Case No. 17-CV-268

## EXHIBIT A

### DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4    I have received a copy of the Stipulated Protective Order entered in this action on _____, 20\_\_\_.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7

MIL-28744456-1

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents, or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents, or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents, or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 201____ at _____.

_____
QUALIFIED PERSON

UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRUCE B. BROWN

    Plaintiff,

and

GREAT WEST CASUALTY CO.,

    Involuntary Plaintiff,

vs.

CARGILL, INC., CARGILL, INC. d/b/a NUTRENA MILLS, INC., ABC INSURANCE COMPANY, XYZ CORPORATION, and DEF INSURANCE COMPANY,

    Defendants.

Case No. 17-CV-268

**ORDER**

IT HEREBY ORDERED, pursuant to the foregoing Stipulation that the Protective Order is GRANTED.

Dated this 22d day of AUGUST, 2017

_____
The Honorable Stephen L. Crocker